NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000024
07-MAY-2013
09:04 AM**

NO. CAAP-12-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Plaintiff-Appellee,
v.
STEVEN MEDEIROS and LIZEL K. MEDEIROS,
Defendants-Appellants
and
JOHN DOES 1-50 AND JANE DOES 1-50,
Defendants


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3RC11-1-467)


MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Ginoza, JJ.)

Defendants-Appellants Steven Medeiros and Lizel K. Medeiros (Defendants) appeal from the October 19, 2011 order granting summary judgment, writ of possession, and judgment for possession entered in the District Court of the Third Circuit[1] (district court) in favor of Plaintiff-Appellee Federal National Mortgage Association (FNMA).

---

[1]    The Honorable Harry P. Freitas presided.

## I. BACKGROUND

On May 14, 2007, Defendants executed a note and a mortgage encumbering the subject property (Property) to First Magnus Financial Corporation (First Magnus). On January 6, 2011, an assignment of the mortgage was recorded in the Bureau of Conveyances of the State of Hawai'i (BOC), assigning the mortgage to FNMA.

On May 9, 2011, FNMA filed a verified complaint for ejectment in the district court against Defendants. FNMA alleged it was the fee simple owner of the Property by virtue of a non-judicial foreclosure sale held on January 12, 2011, and the subsequent recording on April 14, 2011 of a Quitclaim Deed identifying FNMA as the grantee and recorded in the BOC. The complaint alleged Defendants were wrongfully occupying the Property despite written notice to vacate, and FNMA requested a judgment for possession, writ of possession, and money damages.

FNMA filed a motion for summary judgment and writ of possession on July 22, 2011. FNMA's supporting documentation included a "Mortgagee's Affidavit of Foreclosure Under Power of Sale" (Mortgagee's Affidavit) and the resulting quitclaim deed (Deed) issued in its favor, both recorded in the BOC. On September 27, 2011, Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction (Motion to Dismiss).

On October 5, 2011, the district court held a hearing on the motions, and it orally denied Defendants' Motion to Dismiss and granted FNMA's motion for summary judgment. The district court entered its order and a writ of possession and judgment for possession on October 19, 2011. Defendants filed a motion for reconsideration on October 26, 2011, which the

district court denied. Defendants filed a timely notice of appeal on January 12, 2012.

On appeal, Defendants contend the district court erred in denying Defendants' Motion to Dismiss and in granting summary judgment.

## II. STANDARDS OF REVIEW

> The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action. When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction. A judgment rendered by a circuit court without subject matter jurisdiction is void.

Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005) (quoting Amantiad v. Odum, 90 Hawai'i 152, 158-59, 977 P.2d 160, 166-67 (1999)).

> On appeal, the grant or denial of summary judgment is reviewed *de novo*. *See State ex rel. Anzai v. City and County of Honolulu*, 99 Hawai'i 508, [515], 57 P.3d 433, [440] (2002); *Bitney v. Honolulu Police Dep't*, 96 Hawai'i 243, 250, 30 P.3d 257, 264 (2001).
>
>> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.
>
> *Kahale v. City and County of Honolulu*, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004) (citation omitted).

3

*Nuuanu Valley Ass'n v. City & Cnty. of Honolulu*, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008).

## III. DISCUSSION

### A. Subject-Matter Jurisdiction

Defendants contend the district court lacked subject matter jurisdiction because the ejectment action raised an issue of title to the Property. Hawaii Revised Statutes (HRS) § 604-5(d) (Supp. 2012) precludes district courts from exercising jurisdiction in "real actions . . . in which the title to real estate comes in question[.]" Pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 12.1,[2] defendants may assert, as a defense to the district court's jurisdiction, that the action is one in which title to real estate will come in question.

DCRCP Rule 12.1 requires defendants to provide an affidavit setting forth the "source, nature, and extent of the title claimed by defendant" and "such further particulars as shall fully apprise the court of the nature of the defendant's claim." Bare assertions are insufficient to sustain a claim that title is at issue so as to divest the district court of jurisdiction. *Deutsche Bank Nat. Trust Co. v. Peelua*, 126 Hawai'i 32, 37-38, 265 P.3d 1128, 1133-34 (2011).

_____

[2] DCRCP Rule 12.1 ("Defense of Title in District Courts") states:

> **Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

The Motion to Dismiss and the supporting declaration failed to raise a question regarding title. Steven Medeiros's declaration states in conclusory terms that "[First Magnus] was undergoing Chapter 11 reorganization when they assigned my mortgage. As further discussed in my attorney's memorandum, attached hereto, Mortgage Electronic Registration Systems, Inc.'s [(MERS)] act of assigning the Mortgage was an apparent violation of Federal law[.]"

The sole question of title Defendants raised hinged on the proposition that MERS lacked authority to assign any interests of First Magnus if First Magnus was in bankruptcy. The memorandum supporting the Motion to Dismiss cited no authority for supporting its proposition, however. Defendants cited 11 U.S.C. § 362, which generally stays actions or proceedings "against the debtor," "against property of the debtor," and "against property of the estate." 11 U.S.C. § 362 does not support Defendants' claims to title.

To the extent that Defendants' Motion to Dismiss is based on the assertion that the bankruptcy precluded assignment of the mortgage, the declaration in support of the Motion to Dismiss fails to provide any detail or specificity regarding the particulars of such claim. The declaration simply asserts that there was an "apparent violation of Federal law," but as in Peelua, without further detail it cannot be ascertained how or whether the allegation has any bearing on title to the property. 126 Hawaii at 38, 265 P.3d at 1134.

Here, MERS's assignment of the mortgage was at First Magnus's behest, and in executing the mortgage, Defendants expressly permitted MERS to act on First Magnus's behalf. The mortgage identifies MERS as "a separate corporation that is acting solely as nominee for Lender . . . . MERS is the

5

mortgagee under this Security Instrument." The mortgage gives MERS "the right to foreclose and sell the Property[,] and to take any action required of Lender[.]" Under this plain language, MERS had the authority to take any action required of First Magnus, including assigning the mortgage to FNMA.

Therefore, Defendants' Motion to Dismiss failed as a matter of law, and the district court did not err in dismissing the motion.

B.      Summary Judgment

Defendants also contend there are genuine issues of material fact regarding the propriety of the underlying non-judicial foreclosure. We disagree.

Defendants argue FNMA was required to produce "a complete chain of title of the subject mortgage loan from the initiation of the loan through the foreclosure." HRS § 667-5 (Supp. 2011) sets forth the specific actions a mortgagee must take for a non-judicial foreclosure under a power of sale, and nothing in the statute requires the mortgagee to produce a complete chain of title.

FNMA made a prima facie showing of the validity of the foreclosure proceedings and of its entitlement to ejectment. In support of its motion for summary judgment, FNMA attached as exhibits the Mortgagee's Affidavit and the resulting Deed to the Property issued in its favor, both recorded in the BOC. The affidavit sets forth the mortgagee's acts related to the Property fully and particularly and is evidence that the power of sale was duly executed. See HRS § 667-8 (1993 Repl.).

When the moving party satisfies its initial burden of production, the burden shifts to the non-moving party to establish that genuine issues of material fact exist. Stanford Carr Dev. Corp., v. Unity House, Inc., 111 Hawai'i 286, 296, 141

6

P.3d 459, 469 (2006). The party opposing summary judgment must show more than some metaphysical doubt as to the material facts. Yoneda v. Tom, 110 Hawai'i 367, 384-85, 133 P.3d 796, 813-14 (2006). Defendants' unsupported allegations that the Mortgagee's Affidavit and the Deed are fraudulent fail to raise a genuine factual issue.

## IV. CONCLUSION

The October 19, 2011 "Order 1) Granting Plaintiff's Motion For Summary Judgment And Writ Of Possession Filed July 22, 2011 And 2) Denying Defendants Steven Medeiros And Lizel K. Medeiros' Motion To Dismiss For Lack Of Subject Matter Jurisdiction Filed September 27, 2011"; the October 19, 2011 Judgment for Possession; and the October 19, 2011 Writ of Possession entered in the District Court of the Third Circuit are affirmed.

DATED: Honolulu, Hawai'i, May 7, 2013.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Daisy Lynn B. Hartsfield
(Dubin Law Offices)
for Defendants-Appellants.

Charles R. Prather
Sofia Hirosane McGuire
Blue Kaanehe
(RCO Hawaii)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7